*ADAMS* vs, *GAINARD*.

Western Dis,
O ober 1828

Under a general power, an agent cannot sell a slave.

APPEAL from the court of the 7th district—the judge of the fifth presiding.

MARTIN, J. delivered the opinion of the court. The plaintiff, as heir to his mother, claims a slave which he alledges to be part of her estate.

The defendant pleaded the general issue, and that if the slave belonged to the deceased, she authorised Doughty to sell him; that he did so, and the slave by mesne conveyances has become the defendant's property, and she ratified the sale. Prescription was also pleaded.

There was a verdict for the defendant, which the plaintiff did not attempt to set aside, and judgment was given accordingly.

There is evidence that the slave was once the property of the plaintiff's ancestor, and of his heirship, so that the plea of the general issue is not supported.

It does not appear that Doughty had legal authority to sell the slave, but only that he was authorised generally to transact business for the defendant's ancestor. So that the defendant can only avail himself of the plea of ratification and prescription.

No express ratification is shewn, but it is

contended one results from the ancestor having received from Doughty the price of the slave. The fact, however, is not otherwise proven than by receipts of the ancestor, which may or may not include the price of the slave.

As to the plea of prescription, more than five years appear to have elapsed between Doughty's sale and the inception of the present suit; but the plaintiff relies on the suspension of the plea during his minority, and his absence, and that of his mother from the state.

The minority is not otherwise proven that by the deposition of a witness, who testifies that *he thinks* the plaintiff was a minor, when he and his mother left the parish, after the sale.

The absence of the mother has been attempted to be shewn by the date of her will, which appears thereby to have been made in the state of Mississippi.

The absence of the plaintiff is attempted to be shewn by the deposition of a witness, who testifies he has seen the plaintiff at Fort Adams since the inception of the suit, about one month before the trial, and had before heard he re-

sided in the state of Mississippi.    In the petition the plaintiff states he is a resident of the state of Mississippi.

On these facts, the jury having found a verdict for the defendant, and the plaintiff having thought it useless to pray for a new trial, we cannot deprive the latter of the benefit of their finding, on a presumption that they erred in examining the question of law, or weighing the evidence, unless such a presumption be inevitable.

That the defendant paid his money *bona fide*, cannot be denied; yet if the plaintiff shew that the sale conveyed no title, and if he claim the slave in due time, he must recover.

We have no hesitation in saying that under a general power to act in his principal's affairs, the agent, or attorney, could not legally sell the slave, and the sale is void, until ratified.

A receipt of the price would operate such a ratification, and it was the province of the jury to say whether the price was received by the owner of the slave.

Five years and four months elapsed since the date of the agent's sale—from which the proscription runs, before the service of the

citation, so that the plea must prevail, unless <span>Western Dis.</span> absence or minority prevent it.

Of the absence of the mother, no evidence is administered, except the circumstance of her having made her will in the State of Mississippi; and the defendant urges, she might have done so, while on a visit there.

Of the absence of the plaintiff before the inception of the suit, there is not a tittle of evidence.

Of his minority, no other evidence is adduced, except the testimony of a witness who believes that when he and his mother quitted the parish of Avoyelles, he was a youth, and the witness *thought him* under the age of majority. Admitting that the witness thought correctly, nothing shews that the plaintiff was under age at the death of his mother, when his right accrued.

We cannot say the jury erred.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Johnston* and *Wilson* for the plaintiff—*Gorton* for the defendant.